UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KEVIN AUSTIN,                                          Civil Action No.:

                     Plaintiff,

    -against-                                            **CLASS ACTION COMPLAINT**

CHASE RECEIVABLES,                                     **DEMAND FOR JURY TRIAL**

                   Defendant(s).
------------------------------------------------------------------X

Plaintiff KEVIN AUSTIN ("Plaintiff"), by and through his attorneys, Edward B. Geller, Esq., P.C., Of Counsel to M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant CHASE RECEIVABLES (hereinafter referred to as "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff KEVIN AUSTIN is a resident of the State of New York, with a mailing address at P.O. Box 1716, Baldwin, New York 11510

3. Defendant CHASE RECEIVABLES is a California corporation engaged in

the business of debt collection with an office address at 22 Saw Mill River Road, Hawthorne, New York 10532.

4.     Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692 a (3).

5.     The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8.     Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant . Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9.     This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals,

whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21.     Plaintiffs repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.     Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

23.     Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by writing to Plaintiff.

24.     On or about December 5, 2014, Plaintiff received a mass-produced notice from Defendant dated December 2, 2014.

25.     Defendant's notice, attached hereto as Exhibit "A," bore a tear-off section at the top of the page bearing Defendant's address, Plaintiff's address, a QR code and the following direction to consumers:

"**Send payments/Correspondence To:**

**Chase # 11112949-44 VT**

**Chase Receivables**

**1247 Broadway**

**Sonoma, CA 95476**"

26.     Below the tear-off portion was a letter providing information which included Defendant's hours of operation, the creditor, the creditor's account number and Defendant's account number of 11112949.

27.     The text of Defendant's letter stated: "We apologize that a possible

hardship or pitfall may have prevented you from satisfying your obligation. It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt."

28. Defendant proceeded to list four (4) settlement offers.

29. All offers required that the consumer's first payment "must be received in this office on or before December 15, 2014."

30. Defendant followed the list of settlement offers by stating: "If you are interested in taking advantage of one of these terrific opportunities or if you have any questions, you MUST contact our office as soon as possible at 800 622 0484 (toll free)."

31. Defendant concluded its notice with the following: "If we do not hear from you, we are forced to assume that you do not intend to resolve your obligation on a voluntary basis and we will recommend that our client proceed with further collection activity."

32. Defendant's notice was signed: "Sincerely, Chase Receivables" but bore no signature.

33. Beneath Defendant's conclusion, a text box was inserted on the bottom left of the page. The text box stated the following:

"You have 5 easy payment options (where applicable):

    1. Send us a check-Make all checks payable to [creditor] and send to the payment address above.

    2. Pay via a Credit Card ($14.95 Chase receivables processing fee where applicable)

3. Pay via Western Union.

4. Pay via the web [web address and PIN inserted]

5. Call us at the number shown above and one of our representatives will be happy to assist you!

6. Electronic Check Payments can be done over the phone ($9.95 Chase Receivables processing fee where applicable)"

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. Defendant is in violation of 15 USC §1692 e – preface by sending consumers a letter designed to convince recipients that Defendant has their best interests at heart and makes deceptive sentiments such as "We apologize" for possible "hardships" or "pitfalls" that may have befallen Plaintiff and stating that the proceeding "limited time" settlement terms presented were offered "With this in mind."  It is deceitful for Defendant to "apologize" to Plaintiffs for some imagined tragic occurrence in an unknown consumer's life as though Defendant carries the responsibility for such an event.  Moreover, by Defendant asserting, "It is with this in mind ["this" being Plaintiffs' speculated pitfalls]," Defendant is untruthfully claiming that it is only presenting its debt settlement options because of this unknown difficulty the consumer may have experienced. Further, Defendant persists throughout its letter to misleadingly represent settlement terms as "opportunities" and even "terrific opportunities" which it dishonestly represents as a "limited time offer" when

Defendant knows that additional offers will likely be forthcoming. Defendant further supports the aforementioned false urgency by stating that if the consumer is interested in Defendant's offers or has questions, "you MUST contact our office as soon as possible." Defendant concludes by warning Plaintiffs, "If we do not hear from you, we are forced to assume that you do not intend to resolve your obligation on a voluntary basis and we will recommend that our client proceed with further collection activity." In fact, Defendant has no concern for Plaintiffs' predicaments or pitfalls and is not "forced" to draw any assumptions from Plaintiffs' lack of response to their communications, especially considering that Defendant's letter is received during the December holiday season with a first payment required ten days before Christmas at a time when most consumers are financially pressed.

36. 15 USC §1692 e (5), a debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken.

37. Defendant's threat to recommend to their client that further collection activity proceed is a spurious assertion of which Defendant is fully aware and a violation of 15 USC §1692 e (5). Defendant has no intention of "recommending" that their client "proceed with further collection activity" since it is Defendant and only Defendant who decides to continue its collection efforts and their client has obviously authorized them to do so.

38. Pursuant to the terms of 15 USC §1692 f-preface, a debt collector is prohibited from using any unfair or unconscionable means to collect a debt.

39. Defendant violates 15 USC §1692 f-preface by designing a letter to unfairly and unconscionably attempt to manipulate the feelings of consumer recipients on multiple levels. Defendant unfairly and deliberately arranges for collection letters to

arrive in the homes of consumers at the beginning of the December holiday season and requires that a payment "must be received in our office no later than December 15, 2014," then warns that they will be "forced to assume" the consumer has no intention of resolving a debt if they don't hear from them and therefore will be forced to recommend that their client continue collection activities. Defendant's presumptions about consumers' theoretical life challenges or hardships are inappropriate and their expression of concern which claims to precipitate "terrific opportunities" is disingenuous and unfair, meant to place the consumer at a disadvantage in understanding the information and consequences presented.

40. According to 15 USC §1692 f (1), a debt collector is prohibited from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt permitted by law.

41. Defendant violates 15 USC §1692 f (1) by stating to all consumers who pay by credit card or who pay by electronic check that they must adhere to additional "processing fees." Defendant charges credit card users, a "$14.95 Chase Receivables processing fee where applicable" and electronic check users, a "$9.95 Chase Receivables processing fee where applicable)." Pursuant to *Quinteros v. MBI Associates, Inc.*, 2014 WL 793138 (E.D.N.Y. Feb. 28, 2014), in which the debtor received a debt collection notice stating the debtor would pay a $5.00 processing fee for optional credit card or check by phone payments, the District Court judge denied the defendant's motion to dismiss, holding: "Defendant argues that the Processing Fee Statement is not a false or misleading statement, but is "a kind of disclosure, accurately

informing a debtor that he will incur a `processing fee' should he elect to pay his debt via credit card." However, Defendant's argument does not address the central premise underlying Plaintiff's claim. Plaintiff does not contend the Processing Fee Statement runs afoul of §1692 e(2) because the statement fails to disclose the nature of the fee or because it misrepresents the actual amount of the fee. Rather, Plaintiff argues the Processing Fee Statement violates the statute because it falsely implies that Defendant is entitled to collect the processing fee in the first place.... The `least sophisticated consumer' would likely be deceived by the Processing Fee Statement into believing that Defendant was legally entitled to collect the five dollar fee. Indeed, even a shrewd consumer would be likely to question the legality of a seemingly reasonable five-dollar processing fee, much less turn to the statute books."

42.  15 USC §1692 f (8) prohibits a debt collector from using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

43.  Defendant unfairly and improperly created notices for mass-distribution to consumers as exemplified by that received by Plaintiff which instructed: "Send payments/Correspondence To: Chase # 11112949-44VT" followed by Defendant's address. Plaintiff's account number of 11112949 is thereby required to appear on each and every envelope as part of the address for all correspondence to Defendant. Defendant's direction and requirement that all consumers include their account numbers on envelopes violates 15 USC §1692 f (8).  According to _Douglass v._

*Convergent Outsourcing*, 963 F. Supp. 2d 440 (E.D. Pa., 2013), the United States District Court for the Eastern District of Pennsylvania held that the account number is a core piece of information pertaining to Plaintiff's status as a debtor and Defendant's debt collection effort. Disclosed to the public, it could be used to expose her financial predicament. As the Court found: "[Defendant] insists that [Plaintiff's] account number is a meaningless string of numbers and letters, and its disclosure has not harmed and could not possibly harm [Plaintiff]. But the account number is not meaningless---it is a piece of information capable of identifying [Plaintiff] as a debtor. And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. As we have stated before, the FDCPA "must be broadly construed in order to give full effect to [Congress's remedial] purposes." *Caprio*, 709 F.3d at 148. Construing § 1692f(8) in accord with the FDCPA's purposes in § 1692(a), we find the statute not only proscribes potentially harassing and embarrassing language, but also protects consumers' identifying information. Accordingly, [Plaintiff's] account number is impermissible language or symbols under § 1692f(8)."

44. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

45. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: May 20, 2015
Bronx, New York

Respectfully submitted,

By: _____
Edward B. Geller, Esq. P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783

*Attorney for the Plaintiff* KEVIN AUSTIN

To: Chase Receivables
22 Saw Mill River Road
Hawthorne, New York 10532
*(Via Prescribed Service)*

Clerk
United States District Court, Eastern District of New York
*(For Filing Purposes)*

EXHIBIT "A"

DEC-30-2014(TUE) 00:58                                                                                          P. 001/001

12/17/2014  13:55                                     STAPLES        0037                    PAGE  01

DEPT 1011    4992407814116
PO BOX 4115
CONCORD CA 94524

**CHASE RECEIVABLES**
A Professional Collection Agency

800-622-0484

December 2, 2014

RETURN SERVICE REQUESTED

KEVIN AUSTIN
PO BOX 1716
BALDWIN NY 11510-0799

Send payments/Correspondence To:
Chase# 11112949-44 VT
Chase Receivables
1247 Broadway
Sonoma, CA 95476

IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT

Office Handling Your Account:
Office Hours:
PLEASE CALL BETWEEN
Monday-Friday 6:00am to 6:30pm PST
Saturday 7am to 2:30pm PST

CREDITOR: VERIZON
CREDITOR ACCT#: 7503843610001
ACCT#: 11112949
AMOUNT DUE: $1,178.90

Dear KEVIN AUSTIN

This letter is to inform you of a special offer to resolve your overdue account with our client. We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation. It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt. We are presenting four options that will enable you to avoid further collection activity being taken against you.

Please note that you may have additional outstanding accounts that do not qualify for this offer.

OPTION 1:  A settlement of 45% OFF of your current balance, SO YOU ONLY PAY $648.39 in ONE PAYMENT that must be received in this office on or before December 15, 2014.
OPTION 2:  A settlement of 35% OFF of your current balance, SO YOU ONLY PAY $766.28 in ONE PAYMENT that must be received in this office on or before December 31, 2014.
OPTION 3:  A settlement of 25% OFF of your current balance, SO YOU ONLY MAKE TWO PAYMENTS OF $442.08 EACH the first payment must be received on or before December 15, 2014 and the second by January 15, 2015.
OPTION 4:  Monthly payment plan on full balance.

If you are interested in taking advantage of one of these terrific opportunities or if you have any questions, you MUST contact our office as soon as possible at 800-622-0484 (toll free). When you call, please let your representative know that you have received the CHASE Receivables Option Letter and tell us whether you would like to take advantage of the SETTLEMENT OPTION or the PAYMENT Option.

If we do not hear from you, we are forced to assume that you do not intend to resolve your obligation on a voluntary basis and we will recommend that our client proceed with further collection activity.

Sincerely,

Chase Receivables

You have 6 easy payment options (where applicable):
1. Send us a check-Make all checks payable to VERIZON and send to the payment address above.
2. Pay via a Credit Card. ($14.95 Chase Receivables processing fee where applicable)
3. Pay via Western Union.
4. Pay via the web www.chaserec.com/paymethod.php PIN# 5486. *
5. Call us at the number shown above and one of our representatives will be happy to assist you!
6. Electronic Check Payments can be done over the phone ($9.95 Chase Receivables processing fee where applicable)
* Selecting this option enables you to make a payment 24 hours a day, 7 days a week – and you do not need to speak to a representative.

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A COLLECTION AGENCY.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

CHR11REV-1128-538267267-02260-2260

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.:

KEVIN AUSTIN,

                                    Plaintiff,

-against-


CHASE RECEIVABLES,

                                    Defendant(s),

———————————————

**CLASS ACTION COMPLAINT**

———————————————

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*15 Landing Way*
*Bronx, New York 10464*
*Phone:    (914)473-6783*

———————————————